The **FIDELITY LAND TRUST COMPANY, LLC as Trustee for Florida Land trust No. 00160 dated January 20, 2012,** Plaintiff,

v.

**CENTEX HOME EQUITY COMPANY, LLC, n/k/a/ Nationstar Mortgage LLC, Defendant.**

Case No. 8:12–CV–2309–T–27TBM.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 2, 2012.

Peter J. Bowers, The Fidelity Land Trust Company, LLC, Boca Raton, FL, for Plaintiff.

Joseph Stephen Troendle, Justin E. Hekkanen, Akerman Senterfitt, Jacksonville, FL, William P. Heller, Akerman Senterfitt, Ft. Lauderdale, FL, for Defendant.

## *ORDER*

JAMES D. WHITTEMORE, District Judge.

**BEFORE THE COURT** is NATIONSTAR's Motion to Dismiss (Dkt. 4), to which Plaintiff has not responded as required by the Local Rules. Accordingly, the motion is deemed unopposed and is therefore GRANTED.

Plaintiff's four count Verified First Amended Complaint seeks declaratory relief discharging an unrecorded "assignment of mortgage or other evidence of transfer of ownership of the Subject Mortgage," pursuant to Florida Statute § 695.01 (Count I); discharging an unrecorded assignment of mortgage pursuant to Florida Statute § 701.02 (Count II), discharging unidentified unrecorded interests in certain real property pursuant to Florida Statute § 48.23, and quieting title *vis a vis* the Subject Mortgage, pursuant to Florida Statute § 65.021 (Dkt.3).

In Count I, Plaintiff includes a demand that then underlying recorded mortgage ("Subject Mortgage") be "extinguished and cancelled of record." Plaintiff admits, however, that it took title to the subject real property six years after Defendant's mortgage was recorded (Dkt. 3, ¶¶ 3, 6). Plaintiff does not allege that the mortgage has been satisfied. Rather, Plaintiff's convoluted theory is that the mortgage has been assigned to an unknown holder who has not recorded the assignment and therefore the underlying mortgage should be cancelled of record. This theory is frivolous. The failure to record a mortgage assignment does not invalidate Defendant's recorded mortgage.

As for Count II, the failure to record an assignment of mortgage provides no basis to discharge the assignment under Fla. Stat. § 701.02. Simply put, that statute does not apply to purchasers who take title to real property subject to a recorded mortgage. *In re Halabi*, 184 F.3d 1335, 1338 (11th Cir.1999). As for Count III, Fla. Stat. § 48.23 does not bar enforcement of a recorded mortgage filed prior to the filing of a *lis pendens*. As for Count IV, no lawful basis has been pleaded which supports a quiet title action as to a mortgage recorded prior to Plaintiff obtaining title.

The essence of the Verified First Amended Complaint is a frivolous attempt to avoid enforcement of a recorded mortgage on property acquired by Plaintiff after the mortgage was recorded. The allegations of Plaintiff's Verified First Amended Complaint do not and cannot state claims upon which relief may be granted.[1] This action is therefore subject to dismissal with prejudice.

---

1. Indeed, the Florida Attorney General recently obtained temporary injunctive relief against this Plaintiff barring it from the following deceptive and unfair trade practices:

    a. engaging in, rendering, or otherwise providing services to Florida homeowners directly or indirectly by which [Fidelity Land Trust, et al.] claim to cancel or otherwise void previously recorded mortgages so that the mortgages are not enforceable against [Fidelity Land Trust, et al.] or any other party because the mortgage assignments were not recorded;

    b. soliciting, advertising, representing or otherwise offering directly or indirectly to Florida homeowners services by which [Fidelity Land Trust, et al.] claim to cancel or otherwise void previously recorded mortgages so that the mortgages are not enforceable against [Fidelity Land Trust, et al.] or any other party because the mortgage assignments were not recorded....

Accordingly, Nationstar's Motion to Dismiss is GRANTED. This cause is DISMISSED WITH PREJUDICE. The clerk is directed to CLOSE the file.