October 5, 2012

The **FIDELITY LAND TRUST COMPANY, LLC as Trustee for Florida Land Trust No. 02040 dated June 12, 2012, Plaintiff,**

v.

**SECURITY NATIONAL MORTGAGE COMPANY, Defendant.**

**Case No. 6:12–cv–1676–Orl–19DAB.**

United States District Court,
M.D. Florida,
Orlando Division.

Nov. 21, 2012.

Peter Joseph Mario Bowers, Peter J. Bowers PA, Boca Raton, FL, for Plaintiff.

Warren Russell Ross, Wotitzky, Wotitzky, Ross & McKinley, Punta Gorda, FL, for Defendant.

## ORDER

DAVID A. BAKER, United States Magistrate Judge.

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: MOTION TO STAY CASE (Doc. No. 3)**
>
> **FILED: November 7, 2012**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff is one of the subjects of a Temporary Injunction issued by a state circuit court. As set forth in the papers of record, Plaintiff filed a Complaint against Security National Mortgage Company ("Defendant") and Mortgage Electronic Registration Systems, Inc. ("MERS") in state court on July 19, 2012, but did not serve the Complaint on Defendant (*See* Doc. 1). On September 14, 2012, Plaintiff dismissed MERS as a party (Doc. 1-1 at 11). On October 8, 2012, Defendant was first served with a copy of the Verified First Amended Complaint (Doc. 2) and Defendant filed a Notice of Removal on November 7, 2012 (Doc. 1). The four-count Verified First Amended Complaint (Amended Complaint) seeks relief against Defendant and the unnamed owner of an alleged unrecorded interest, in the form of a declaration which discharges any unrecorded assignment or transfer of the Subject Mortgage pursuant to Florida Statutes §§ 695.01 and 701.02; discharges unknown unrecorded interests in the subject property pursuant to Florida Statute § 43.23; and cancels the mortgage on the subject property, based on the above (Doc. 2). On November 2, 2012, Judge Whittemore dismissed with prejudice a nearly identical claim brought by this Plaintiff against a different defendant. *See The Fidelity Land Trust Company, LLC v. Centex Home Equity Company, LLC,* 903 F.Supp.2d 1317, 1318, Case 8:12–cv–2309–JDW–TBM, 2012 WL 5383092, at *1 (M.D.Fla. Nov. 2, 2012) (holding the complaint was "a frivolous attempt to avoid enforcement of a recorded mortgage on property acquired by Plaintiff after the mortgage was recorded.").

As set forth in the motion and the response (Doc. 8), on September 25, 2012, the Florida Office of the Attorney General's Department of Legal Affairs filed an action in state court for declaratory judgment and injunctive relief against multiple defendants, including The Fidelity Land Trust Company, LLC. According to that suit, Fidelity and others were engaging in an unfair and deceptive foreclosure rescue scheme. The state court issued a temporary injunction dated September 25, 2012, which found Fidelity and others were: (a) "[m]isrepresenting to homeowners that an assignment of mortgage is not good or effectual in law or equity against creditors or subsequent purchasers unless the assignment of mortgage is recorded"; (b) "[m]isrepresenting to homeowners that the homeowner's mortgage is not enforceable

against the Defendants as a subsequent purchaser for a valuable consideration, notwithstanding the fact that Defendants do not pay any consideration to the homeowner for the deed transfer of title"; and (c) "[m]isrepresent[ing] to consumers that Defendants (or their nominees) are bona fide transferees for value of the title of the mortgagors ... so that the mortgagees' failure to record their assignments of mortgage under Chapter 701 voids the homeowners' mortgages." *See Attorney Gen. v. Cherry, et al.*, No. 12–26987, 2012 WL 5305188 (Fla. 17th Cir.Ct. Sept. 25, 2012) (order granting temporary injunction) (Doc. 1–1 at p. 3). The Temporary Injunction prohibits Fidelity (and others) from undertaking certain actions, including "engaging in, rendering, or otherwise providing services to Florida homeowners directly or indirectly by which [Fidelity] claim[s] to cancel or otherwise void previously recorded mortgages so that the mortgages are not enforceable against [Fidelity] or any other party because the mortgage assignments were not recorded." *Id.* at p. 8.

In the instant motion, Fidelity, through its counsel, advises that the state Attorney General has taken the position that the Temporary Injunction bars Plaintiff from "maintaining or arguing certain legal theories while the Temporary Injunction is in force," including prosecuting or defending any mortgage related litigation. Fidelity advises that, while it denies the allegations in the state suit, it is actively pursing an agreed disposition and has moved for an order clarifying the terms of the Temporary Injunction. Under these circumstances, Fidelity urges that the "fairest course" is to stay all activity in the instant action, until the state court clarifies its Order. Alternatively, Fidelity moves for an Order declaring that the Temporary Injunction terms do not preclude Fidelity

from litigating here and advancing any and all arguments and theories. Fidelity cites to the Court's inherent authority as the basis for the relief sought. The motion is denied.

■ While the Court does, indeed, have authority to stay or abate an action in an appropriate case, there is no showing that this is such a case. As noted by Defendant, in order to warrant a stay, Plaintiff must "make out a clear case of hardship or inequity in being required to go forward" if, as the Court finds here, there is even a fair possibility that the stay will damage someone else. *See Landis v. North American Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936).[1] Plaintiff does not meet this standard.

■ The terms of the Temporary Injunction prohibit Plaintiff from committing actions which violate state law by engaging in what the state court has held to be false and deceptive practices. There can be no legitimate claim of hardship or unfairness in simply being required to obey the law. Moreover, any claim of hardship is belied by the posture of the parties and the case. Fidelity is the plaintiff in this action. As such, it is not "required to go forward" at all. This is not a case where, for example, a defendant is being precluded from advancing a complete defense. While Plaintiff colors its position as seeking to protect its rights, there is no absolute right to pursue a claim which a state court has declared illegal and a federal court has deemed frivolous.

To the extent Fidelity disagrees with the state court's findings, it is free to pursue its state court remedies. In the meantime, Plaintiff has seen fit to file this action and, to the extent it wishes to prosecute its case, it must abide by its obligations as a

---

**1.** An indeterminate delay is harmful on its face in this context.

litigant and timely respond to the pending motion to dismiss.

